Filed 8/26/15  P. v. Hawkins CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL DALE HAWKINS,<br><br>      Defendant and Appellant. | B257106<br><br>(Los Angeles County<br>Super. Ct. No. BA238853) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Affirmed in part, reversed in part, and remanded with instructions.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and Russell A. Lehman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## FACTUAL AND PROCEDURAL BACKGROUND

On November 11, 2002, defendant Michael Hawkins shattered the glass door of a closed donut shop and entered the premises. Sary Siv, who was working in the shop, confronted defendant with a knife and told him to leave. Defendant left, but later returned and tried to remove the cash register. Siv again approached with a knife, and defendant dropped the register and fled. Defendant later entered a third time and threw a seven and one-half inch rock that hit Siv, then fled. He was apprehended by two citizens.

Defendant was charged with second degree burglary (Pen. Code, § 459; count 1), attempted robbery (Pen. Code, §§ 664/211; count 2), and assault with a deadly weapon by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1); count 3).[1] All three counts were alleged to have occurred on the same day. Defendant was also alleged to have suffered two prior felony convictions within the meaning of the "Three Strikes" law and one prior serious felony conviction.

As to count 2, attempted robbery, it was additionally alleged that defendant had personally used a deadly and dangerous weapon, "to wit, ROCK." (Former § 12022, subd. (b)(1).)

Of particular note is count 3, which alleged the following: "On or about November 11, 2002, . . . the crime of ASSAULT WITH DEADLY WEAPON, BY MEANS LIKELY TO PRODUCE GBI, in violation of PENAL CODE SECTION 245(A)(1), a Felony, was committed by [defendant], who did willfully and unlawfully commit an assault upon SARY SIV with a deadly weapon, to wit, ROCK, and by means of force likely to produce great bodily injury."

On March 25, 2003, a jury found defendant guilty "as charged" on all counts and found the deadly weapon allegation as to count 2 to be true. He was sentenced to concurrent indeterminate terms of 25 years to life on each count, plus a five-year serious felony enhancement as to counts 2 and 3, concurrent. (§§ 667, subd. (a)(1), 1170.12.)

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

The trial court ordered the deadly weapon enhancement stricken as to counts 2 and 3 in the interests of justice.[2]

We affirmed the judgment. (*People v. Hawkins* (Apr. 27, 2004, B166855) [nonpub. opn.].)

Proposition 36, enacted on November 7, 2012, revised elements of the Three Strikes law. As pertinent here, it created section 1170.126, which permits a prisoner currently serving a sentence of 25 years to life for a conviction for a third felony that was neither serious nor violent to petition for review of the sentence and, under certain circumstances, obtain resentencing as if he had only one prior serious or violent felony conviction. "[A] current inmate is not entitled to resentencing if it would pose an unreasonable risk of danger to public safety." (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1286.)

On January 14, 2014, defendant filed a petition to recall his sentence. The trial court denied the petition on the ground that defendant's conviction for attempted robbery qualified as a serious felony conviction (§ 1192.7, subd. (c)(39)), which rendered him ineligible for resentencing as to any count. Defendant appealed.

## DISCUSSION

Defendant argues he is eligible for resentencing with respect to any non-serious felony conviction even though he was also convicted of a serious felony during the same proceeding. Respondent disagrees, contending a serious or violent felony conviction precludes resentencing with respect to any felony conviction suffered in the same proceeding, even if the felony that was neither serious nor violent.

Our Supreme Court decided this issue on July 2, 2015, holding "an inmate is eligible for resentencing with respect to a current offense that is neither serious nor violent despite the presence of another current offense that is serious or violent." (*People*

---

[2] This was unnecessary as to count 3, which did not allege the enhancement.

*v. Johnson* (2015) 61 Cal.4th 674, 695.)  Defendant is thus eligible, with certain exceptions, for resentencing on any non-serious felony count.[3]

Section 1192.7, subdivision (c), identifies several dozen "serious" felonies.  Under that subdivision, any robbery and "any felony in which the defendant personally used a dangerous or deadly weapon" qualifies as a serious felony, but second degree burglary does not.  (§ 1192.7, subd. (c)(1)(19) & (23); cf. *id*. at subd. (c)(1)(18) [*first* degree burglary is a serious felony].)

A trial court ruling on a petition for recall of sentence must consult the entire record to determine whether a defendant was armed with a deadly weapon during a triggering offense.  (*People v. White* (2014) 223 Cal.App.4th 512, 527.)  Here, the prosecution expressly alleged defendant used a deadly weapon, i.e., a rock, during the commission of both the robbery and assault, and the jury found him guilty as charged.  These offenses therefore qualify as serious felonies, making defendant ineligible for resentencing as to them.  (Unarmed robbery also qualifies as serious.)

As to count 1, however, second degree burglary, a nonserious felony, defendant is eligible for resentencing if he meets other requirements set forth in section 1170.126.  Because the trial court did not reach the merits of defendant's resentencing petition, the matter must be remanded for further consideration.

---

[3] None of the counts upon which defendant was convicted qualifies as a violent felony.  (See § 667.5, subd. (c).)

4

**DISPOSITION**

The order denying defendant's petition for recall of sentence is reversed as to the sentence for second degree burglary, and the trial court is directed to reconsider defendant's petition as to that sentence. The order is otherwise affirmed.

NOT TO BE PUBLISHED.


                                                    CHANEY, J.


We concur:



        ROTHSCHILD, P. J.



        MOOR, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.